# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JAIMINKUMAR PATEL,**

Petitioner,

v.                                                                          Case No. 2:26-cv-00524-WJ-GJF

**TODD BLANCHE**, Acting Attorney General,
**MARKWAYNE MULLIN**, Secretary,
U.S. Department of Homeland Security,
**DAVID VENTURELLA**, Acting Director,
Immigration and Customs Enforcement,
**MARY DE ANDA-YBARRA**, ICE Field Office Director,
**DORA CASTRO, WARDEN**, Otero County Processing Center,
*in their official capacities*,[1]

Respondents.

## MEMORANDUM OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS AND ORDERING PROMPT BOND HEARING OR RELEASE

THIS MATTER comes before the Court upon Petitioner Jaiminkumar Patel's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  **[Doc. 3]**.  Petitioner, a citizen of India, represents that he entered the United States on March 12, 2024, at Otay Mesa, California, and has since resided in Flora, Indiana. **[Doc. 3 at 4, 11-12; Doc. 6 at 2]**.  At the time of his entry in 2024, Petitioner was processed and released by Boder Patrol.  **[Doc. 3 at 11-12]**. Petitioner claims he was placed into the custody of Immigration and Customs Enforcement on or about June 10, 2025, when he appeared for a scheduled check-in, and transported to a detention center in New Mexico.

---

[1] The Petition names as Respondents certain officials who no longer hold the relevant positions or are no longer the relevant parties given the location of Petitioner's detention has shifted since the initiation of this proceeding.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The proper respondent to a habeas petition is 'the person who has custody over the petitioner.") (quoting 28 U.S.C. § 2242).  Pursuant to Fed. R. Civ. P. 25(d) and Administrative Order No. 26-MC-00004-03 of this Court, the Court substitutes the proper respondents.

1

**[Doc. 3 at 3, 11-12]**.  Petitioner is presently detained at Otero County Processing Center and has not been given a bond hearing on the grounds that his detention is mandatory.  **[Doc. 3 at 11-12].** He claims he has no violent criminal history, is not a flight risk, and is not a danger to the community, and his claims are not disputed on the record by Respondents.  **[Doc. 3 at 11-12; Doc. 6]**.

Petitioner asserts that his detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release.  **[Doc. 3 at 14].**  This Court has jurisdiction under 28 U.S.C. § 2241.  Having considered the parties' submissions and the relevant law, the Court concludes that a prompt bond hearing before a neutral immigration judge is the appropriate relief.

The dispositive issue is whether his detention is governed by 8 U.S.C. § 1225 or § 1226. **{Doc. 3; Doc. 6 at 2].** If Petitioner is properly detained pursuant to § 1226(a), he is entitled to certain procedural protections—"namely, an individualized bond hearing before an [immigration judge]." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).  If Petitioner is subject to mandatory detention under § 1225(b)(2)(A), the same procedural protections do not apply.

The United States Court of Appeals for the Tenth Circuit recently addressed this issue in a published, precedential Opinion in *Santillan Quiroz v. Mullin, et al.,* ___F.4th___, 26-6019, 2026 WL 1876709 (10th Circuit June 30, 2026), concluding that individuals who, like Petitioner, entered the United States long ago and presently reside here are detained pursuant to § 1226 and are therefore entitled to an individualized bond determination before an immigration judge. *See also Melchor-Rios v. Ortiz*, No. 2:25-cv-01055-WJ-GJF, 2025 WL 3764775, at *2 (D.N.M. Dec. 30,

2025); *Gutierrez v. Garcia*, No. 2:25-cv-001145-WJ-KRS, 2026 WL 310064, at *3–5 (D.N.M. Feb. 5, 2026) (concluding that § 1226, not § 1225, applies to noncitizens' detention after presence in the United States for years).  The Court finds no material distinction between the circumstances presented in that case and those presented here.  Respondents have filed a Notice of supplemental authority, conceding that *Santillan* Quiroz controls the outcome in this case.  **[Doc. 8]**. The Court concludes that the appropriate remedy is to afford Petitioner the process to which he is entitled under § 1226.  *See Velasquez Salazar*, 806 F. Supp. 3d at 1241.

IT IS THEREFORE ORDERED** that the Petition is **GRANTED**, Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge within **seven (7) days** of entry of this Order.  If such hearing is not provided within that period, Respondents shall release Petitioner from custody unless and until an immigration judge orders continued detention.  Counsel is instructed to file a status report within **five (5) days** of any bond hearing or Petitioner's release from custody.  If no status report is filed within **twenty-one (21) days** after entry of this Order, the Court may enter final judgment dismissing this case without further notice.

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE